E-FILED
Monday, 16 March, 2026  11:54:18 AM
Clerk, U.S. District Court, ILCD

**IN THE
UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION**

JEREMY HALL,
     Plaintiff,

v.

Case No. 1:25-cv-01528-JEH

JILIAN CRANE, *et al.*,
     Defendants.

### Merit Review Order

Plaintiff, proceeding *pro se*, filed a Complaint under 42 U.S.C. § 1983 alleging violations of his constitutional rights at Menard Correctional Center ("Menard") and Pontiac Correctional Center ("Pontiac"). (Doc. 1). This case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A.

### I

In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 F. App'x 588, 589 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

### II

Plaintiff files suit against Jilian Crane (nurse practitioner at Menard) and Dr. Alfred (physician at Pontiac). Plaintiff alleges he was stabbed in the liver and

kidney at Menard on February 26, 2024, and taken to the hospital in Carbondale, Illinois for medical treatment. Dr. Chipman, a physician at the hospital, informed Plaintiff he had a liver and kidney infection.

When Plaintiff returned to Menard, he spoke with Defendant Crane, who informed Plaintiff that Dr. Chipman notified her about the infection. Plaintiff alleges Defendant Crane never gave him medication to treat his infection and pain, even though he submitted several request slips.

On December 11, 2024, Plaintiff was transferred to Pontiac. Plaintiff alleges he still had not received any further medical treatment for his infection or pain.

On December 27, 2024, Plaintiff saw Defendant Dr. Alfred and informed him about his infection and pain, but Defendant Dr. Alfred did not provide medical treatment. Plaintiff submitted several request slips for months.

On an unknown date, Plaintiff was prescribed penicillin for the infection, but the medication did not help with the pain. In late April 2025, Plaintiff submitted a sick call request, to no avail. Plaintiff states he remains in constant, excruciating pain.

### III

It is well established that deliberate indifference to a serious medical need is actionable as a violation of the Eighth Amendment. *Hayes v. Snyder*, 546 F.3d 516, 522 (7th Cir. 2008). A claim of deliberate indifference contains both an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the objective component, a prisoner must demonstrate that his medical condition is "objectively, sufficiently serious." *Id*. An objectively serious medical condition is one that "has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention." *Hayes*, 546 F.3d at 522. To satisfy the subjective component, the inmate must demonstrate that the prison official acted with a "sufficiently culpable state

of mind." *Farmer*, 511 U.S. at 834. The official must know of and disregard an excessive risk to the inmate's health; "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. at 837. The prisoner must show that the defendant engaged in more than negligence and that the defendant's conduct approached intentional wrongdoing or criminal recklessness. *Holloway v. Delaware Cnty. Sheriff*, 700 F.3d 1063, 1073 (7th Cir. 2012) (citing *Farmer*, 511 U.S. at 837). Plaintiff's allegations are sufficient to proceed on an Eighth Amendment claim against Defendants Crane and Dr. Alfred based on their alleged deliberate indifference to his liver and kidney infection and pain.

**IT IS THEREFORE ORDERED:**

1)      According to the Court's Merit Review of Plaintiff's Complaint under 28 U.S.C. § 1915A, Plaintiff alleged sufficient facts to proceed on an Eighth Amendment claim against Defendants Jilian Crane and Dr. Alfred based on their alleged deliberate indifference to his liver and kidney infection and pain from a stab wound he suffered on February 26, 2024. Additional claims shall not be included in the case above, except in the Court's discretion on motion by a party for good cause shown under Federal Rule of Civil Procedure 15.

2)      This case is now in the process of service. The Court advises Plaintiff to wait until counsel has appeared for Defendants before filing any motions to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time unless otherwise directed by the Court.

3)      The Court will attempt service on Defendants by mailing a waiver of service. If Defendants fail to sign and return a waiver of service to the Clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect

3

formal service through the U.S. Marshals Service on Defendants and will require Defendants to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

4)  Defendants shall file an answer within 60 days of the date the Clerk sends the waiver of service. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendants' position. The Court does not rule on the merits of those positions unless and until Defendants file a motion. Therefore, no response to the answer is necessary or will be considered. If Defendants have not filed an answer or appeared through counsel within 90 days of the entry of this Order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter a scheduling order setting discovery and dispositive motion deadlines.

5)  If Defendants no longer work at the address Plaintiff provided, the entity for whom Defendants worked while at that address shall submit to the Clerk Defendants' current work address, or, if not known, Defendants' forwarding address. This information shall be used only for effectuating service. Documentation of Defendants' forwarding address shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

6)  This District uses electronic filing, which means that after Defendants' counsel has filed an appearance, Defendants' counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Plaintiff does not need to mail to Defendants' counsel copies of motions and other documents that Plaintiff has filed with the Clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Plaintiff must mail his discovery requests and responses directly

to Defendants' counsel. Discovery requests or responses sent to the Clerk will be returned unfiled unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defendants' counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

7)    Defendants' counsel is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Defendants' counsel shall arrange the time for the deposition.

8)    Plaintiff shall immediately inform the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9)    Plaintiff shall be provided with a copy of all pertinent medical records upon request.

10)    Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' counsel. The Clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

11)    The Clerk is directed to set an internal court deadline 60 days from the entry of this Order for the Court to check on the status of service and enter scheduling deadlines.

*It is so ordered.*

Entered: March 16, 2026

s/Jonathan E. Hawley
U.S. District Judge

5